# IN THE COURT OF APPEALS OF IOWA

No. 17-1384
Filed December 6, 2017

**IN THE INTEREST OF S.S.,**
**Minor Child,**

**B.S., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Susan Cox, District

Associate Judge.


        A father appeals from the order adjudicating his child a child in need of

assistance. **AFFIRMED.**


        Robb D. Goedicke of CGR & R Law Firm, P.C., West Des Moines, for

appellant father.

        Jami J. Hagemeier of Williams & Hagemeier, P.L.C., Des Moines, for

mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Nicole Garbis Nolan of Youth Law Center, Des Moines, guardian ad litem

for minor child.


        Considered by Vogel, P.J., and Tabor and Bower, JJ

**VOGEL, Presiding Judge.**

## I. Background Facts and Proceedings

S.S., born November 2000, came to the attention of the Iowa Department of Human Services (DHS) in March 2017, upon allegations the father sexually abused her. Specifically, the DHS was alerted the father found naked photos of S.S. on her cell phone and forced her to perform various sex acts. The father admitted to finding photos of S.S. and to still possessing the photos on his phone. He denied S.S.'s allegations of sexual abuse.

On April 3, 2017, an order confirming S.S.'s March 24 removal was issued by the juvenile court. The court placed S.S. in her mother's care with services from the DHS.[1] In April 2017, the caseworker conducted interviews with the father, the father's family, and staff from S.S.'s school. S.S.'s brother stated S.S. took photos of herself and stole things. The school staff member stated S.S. is honest about her behavior, whether good or bad, and the father kept S.S. isolated. The father refused to meet face-to-face with the DHS worker but during a phone interview, the father stated he never touched S.S. and knew S.S. was sexually active.

Following a contested adjudicatory hearing, on July 8, the juvenile court adjudicated S.S. in need of assistance under Iowa Code section 232.2(6)(c)(2) and (d) (2017). The dispositional order of August 16 ordered "the temporary legal custody of the child remains with her mother, under the supervision of the [DHS]."

The father appeals.

## II. Standard of Review

---

[1] S.S.'s mother and the father were never married. The father is married to another woman. S.S.'s relationship with her stepmother is not good.

We review a juvenile court's adjudication of a child as a child in need of assistance de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). Though we give weight to the juvenile court's findings of fact, we are not bound by them. *Id.* "Our primary concern is the child[ ]'s best interests." *Id.*

### III. Analysis

On appeal, the father claims the State failed to prove the grounds for adjudication by clear and convincing evidence. He claims the court erred in finding he had sexually abused S.S. and erred in finding S.S. was credible.

Iowa Code section 232.2(6)(c)(2) provides:

> 6. "Child in need of assistance" means an unmarried child:
> . . . .
> c. Who has suffered or is imminently likely to suffer harmful effects as a result of any of the following:
> . . . .
> (2) The failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child.

Iowa Code section 232.2(6)(d) defines a "child in need of assistance" as a child "[w]ho has been, or is imminently likely to be, sexually abused by the child's parent, guardian, custodian, or other member of the household in which the child resides."

Based on the record, we agree with the juvenile court the State proved by clear and convincing evidence S.S. is in need of assistance. Despite the father's contentions the abuse did not occur, the child protective assessment worker determined S.S.'s allegations to be founded. Furthermore, the juvenile court considered the father's invocation of the right to remain silent and inferred the answers would be "adverse" to him. *In re C.H.*, 652 N.W.2d 144, 150 (Iowa 2002)

("[A] person's exercise of a constitutional right may indeed have consequences."). It also questioned why the father would continue to possess nude photos of S.S. on his cell phone.

The father's primary assertion is that S.S. is not credible; however, in the adjudicatory hearing, the juvenile court was presented with testimony from the DHS worker, S.S.'s therapist, and school staff, who all indicated S.S. appeared open and honest with them. In addition, the juvenile court made its own credibility findings, noting S.S. provided "many, specific, consistent details regarding a prolonged extortion and revolting, incestuous, sexual abuse." We defer to the juvenile court's credibility determinations. *See In re W.G.*, 349 N.W.2d 487, 491-92 (Iowa 1984).

The juvenile court specifically found S.S. had been and is imminently likely to be sexually abused by the father, whom she resided with, and S.S. suffered or is imminently likely to suffer harmful effects as a result of the failure of the father to exercise a reasonable degree of care in supervising S.S. We find the record contains clear and convincing evidence supporting the adjudication of S.S. pursuant to section 232.2(6)(c)(2) and (d).

## IV. Conclusion

Because we agree with the juvenile court's conclusion the State proved the statutory grounds for adjudicating S.S. as a child in need of assistance, we affirm.

**AFFIRMED.**